FILED IN OPEN COURT
ON 8-10-2021
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-316-1FL(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | (UNDER SEAL) |
| DEREK LAMAR SOLOMON | ) | |

The Grand Jury Charges:

## COUNT ONE

On or about December 19, 2019, in the Eastern District of North Carolina, the defendant, DEREK LAMAR SOLOMON, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

On or about May 26, 2020, in the Eastern District of North Carolina, the defendant, DEREK LAMAR SOLOMON, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT THREE

On or about June 8, 2020, in the Eastern District of North Carolina, the defendant, DEREK LAMAR SOLOMON, did knowingly and intentionally distribute a quantity of cocaine and a quantity of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

1

## COUNT FOUR

On or about June 8, 2020, in the Eastern District of North Carolina, the defendant, DEREK LAMAR SOLOMON, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count Three of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FIVE

On or about June 8, 2020, in the Eastern District of North Carolina, the defendant, DEREK LAMAR SOLOMON, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, DEREK LAMAR SOLOMON, committed the violations alleged in the Indictment after a prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

3

Personal Property:

a) One Charter Arms Undercover Model .38 SPL caliber revolver, bearing serial number 573991, seized on May 26, 2020, from DEREK LAMAR SOLOMON and any and all associated ammunition.

b) One Glock 42 .380 caliber pistol, bearing serial number AAXW831, seized on June 8, 2020, from DEREK LAMAR SOLOMON and any and all associated ammunition, to include twenty-six rounds of Prvi Partizan ACP .380 ammunition and thirty rounds of Maxxtech .380 ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

FOREPERSON

DATE: Aug. 10, 2021

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

G. NORMAN ACKER, III
Acting United States Attorney

BY: NICK J. MILLER
Assistant United States Attorney

4